UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Lamont Williams, #250328, ) | C/A No. 7:11-3414-TMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Judge Durham Cole; ) | |
| Judge Jason Thomas Wall; ) | |
| Judge Roger Couch; ) | |
| and Judge Ebner Gown a/k/a Gowan, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Wateree River Correctional Institution, brings a civil action apparently pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated during state court criminal proceedings. The South Carolina Department of Corrections ("SCDC") website reveals that Plaintiff is serving a four-year sentence for manufacturing and/or distributing crack, second offense.[1] *See* SCDC, https://sword.doc.state.sc.us/scdc-public/ (enter the SCDC ID number "250328") (last visited January 5, 2012). Plaintiff sues four state court judges who are allegedly employed at the Spartanburg County Judicial Center. Compl. 1-2. Plaintiff alleges that his home was searched and he was arrested on October 8, 2010, with Judge Jason Thomas Wall presiding at the bond hearing, and that he posted bond and was released

---

[1] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating); *Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009).

on October 9, 2010. *Id.* at 3-4. Further, he alleges that during the search of his home certain property items, including firearms, drugs, and two Garmin GPS units, were seized by law enforcement and placed into evidence. *Id.* He alleges that he was arrested again on November 18, 2010, for no reason and in violation of the double jeopardy clause, with Judge Ebner Gowan presiding at the bond hearing. *Id.* In the attachments to the Complaint, Plaintiff makes further allegations, such as Judge Durham Cole sentenced him on September 2, 2011, to serve four years in the SCDC and that he was forced to sign a "false" guilty plea that Judge Cole and the solicitor "railroaded" him into doing. *Id.* at 8. Plaintiff alleges that he filed an appeal from his September 2, 2011, conviction and sentence, but that it has not been "confirm of yet." *Id.* at 5. In several of Plaintiff's attachments to the Complaint, Plaintiff seems to dispute the truthfulness of the evidence against him. *Id.* at 6-33.

For his relief, Plaintiff requests that his state court cases be dismissed. *Id.* at 8. He further seeks to have Judge Cole's employment terminated and to require Sergeant Tony Brown (not a defendant herein) to return Plaintiff's two GPS devices. *Id.* Plaintiff also seeks to subpoena all defendants and other law enforcement officers. *Id.* at 5, 33.

## **Discussion**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

2

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Liberally construed, if Plaintiff is seeking damages against the defendants, this action should be dismissed based on the doctrine of judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). *See also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was

unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Plaintiff's allegations against Defendants relate to their judicial actions, and he alleges that their judicial actions were erroneous. Thus, Defendants should be immune from this suit.

To the extent that Plaintiff does *not* seek damages and requests that this Court order Defendants to dismiss the criminal cases against him, Plaintiff failed to state a claim on which relief may be granted. Plaintiff's request that state court judges be ordered to dismiss his state court cases is in the nature of seeking writs of mandamus against Defendants. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This Court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to take certain actions in a state court case because this Court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

If Plaintiff is seeking release from prison with the dismissal of the criminal cases against him, release from prison is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Additionally, Plaintiff's request that Judge Cole's employment be terminated fails to state a cognizable claim because this Court does not have authority to do so. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (noting that "federal courts lack the authority to remove or reassign state employees.").

Finally, because Plaintiff alleges that he filed an appeal from his September 2, 2011, state conviction and sentence, which allegedly is pending, he essentially is requesting that this Court interfere with a pending state criminal proceeding. This Court should abstain from interfering with Plaintiff's pending state criminal case. "The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (citation omitted). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in

the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, it appears that this action relates to a case pending in a state appellate court. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff should be able to raise his double jeopardy and any other constitutional claims in his direct appeal.

## Recommendation

Based on the foregoing, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

January 6, 2012                                     s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).