IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Derrick Lamont Williams, | ) | |
| | ) | C/A No. 7:11-3414-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Judge Durham Cole; | ) | |
| Judge Jason Thomas Wall; | ) | |
| Judge Roger Couch; and | ) | |
| Judge Ebner Gown a/k/a Gowan, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated during state court criminal proceedings.   Plaintiff is currently incarcerated at the Wateree River Correctional Institution and filed this action *in forma pauperis* under 28 U.S.C. § 1915.   In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.   On January 6, 2012, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report") recommending that the Complaint in the above-captioned case be dismissed without prejudice.   (Dkt. # 9).   The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Report without a recitation.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Plaintiff was advised of his right to file objections to the Report (Dkt. # 9 at 7). However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (Dkt. # 9) and incorporates it herein. It is therefore **ORDERED** that the Complaint in the above-captioned case is **DISMISSED** without

prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 9, 2012
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.

3